# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

STEVEN M. SCHENCK,           )
                             )
Plaintiff,                   )
                             )
    vs.                      )   CAUSE NO. 3:09-CV-238
                             )
BRAD ROGERS, *et al.*,       )
                             )
Defendants.                  )

## OPINION AND ORDER

This matter is before the court *sua sponte* pursuant to 28 U.S.C. Section 1915A. For the reasons set forth below, this Court **GRANTS** Plaintiff leave to proceed against Defendants on his Eighth Amendment failure to treat claim, **ORDERS** Defendants to respond to the amended complaint as provided for in the Federal Rules of Civil Procedure, **ORDERS** the Clerk to forward this complaint to the United States Marshals Service for service of process along with a copy of this order, and **ORDERS** the marshals service to effect service of process on the Defendants.

BACKGROUND

*Pro se* Plaintiff, Steven Schenck, a prisoner currently confined at Indiana Department of Correction's Reception and Diagnostic Center, submitted a complaint under 42 U.S.C. section 1983, alleging that Elkhart County Jail officials failed to treat him for a serious and painful medical problems while he was

confined at the jail. The defendants are Elkhart County Sheriff Mike Brooks, Jail Captain Brad Rogers, and Jail Lieutenant Sam Naves. On July 17, 2009, the Plaintiff filed an amended complaint, which superceded the original complaint.

DISCUSSION

Pursuant to section 1915A(a), the court must review the merits of a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and dismiss it if the action is frivolous or malicious, does not state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. The defendants in this case are governmental officers.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that does not state a claim upon which relief can be granted. The court applies the same standard under section 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the

2

> assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 555, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Schenck brings this action under 42 U.S.C. section 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under section 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every section 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140

(1979).

Schenck alleges that while he was at the Elkhart County Jail he did not have "any top teeth or back bottom teeth, front and side bottom teeth were grinding up against the top gums causing great pain when trying to chew food." (Amended Complaint at p. 4). Despite his requests to them, Defendants refused to either provide him dental care to replace his teeth or to provide him a nutritious and balanced diet that he could eat even with his missing teeth. He alleges that he suffered pain from trying to eat without teeth and that he was unable to consume enough food to be adequately nourished.

Schenck states that he had already been convicted and was serving a sentence when the events he complains of occurred. (Amended Complaint, p. 1). The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs.

*Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Giving Schenck the benefit of the inferences to which he is entitled at the pleadings stage, this Court cannot say that he can prove no set of facts consistent with his failure to treat claim against Defendants.

CONCLUSION

For the foregoing reasons, this Court:

(1) **GRANTS** the Plaintiff leave to proceed against Defendants on his Eighth Amendment failure to treat claim;

(2) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that Defendants respond to the amended complaint as provided for in the Federal Rules of Civil Procedure; and

(3) **ORDERS** the marshals service to effect service of process on Defendants, and **ORDERS** the Clerk's Office to ensure that a copy of this order is served on them along with the summons and the amended complaint.

**DATED: July 30, 2009**          **/S/RUDY LOZANO, Judge**
                                  **United States District Court**

5