# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

```
STEVEN M. SCHENCK,              )
                                )
Plaintiff,                      )
                                )
     vs.                        )    NO. 3:09-CV-238
                                )
BRAD ROGERS, Captain, et al.,   )
                                )
Defendants.                     )
```

## OPINION AND ORDER

This matter is before the Court on Defendant's Second Motion for Summary Judgment, filed by Lieutenant Samuel Naves on June 1, 2011. For the reasons set forth below, the Court **GRANTS** Defendant Naves's motion for summary judgment and **DIRECTS** the Clerk to enter judgment in this case in favor of Defendants and against Plaintiff.

BACKGROUND

Plaintiff Steven Schenck filed a complaint and amended complaint alleging that Sheriff Mike Books, Captain Brad Rogers, and Lieutenant Sam Naves failed to treat him for a serious dental problem and deprived him of a nutritious diet while he was confined at the Elkhart County Jail. The Defendants filed a motion for summary judgment, which the Court granted in part and denied in part. (DE 111). The Court granted summary judgment to Defendants Books and Rogers, and granted summary judgment to Defendant Naves on the diet claim. The Court denied summary judgment to Defendant Naves on the denial of dentures claim, with leave to file a second summary judgment motion if he "believes he has admissible evidence

establishing that CCS medical staff made a determination that dentures were not medically necessary." (DE 111 at 14). Defendant Naves has now filed his second motion for summary judgment.

SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper only if it is demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corporation v. Catrett*, 477 U.S. 317, 322-23 (1986). In other words, the record must reveal that no reasonable jury could find for the nonmovant. *Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 335 (7th Cir. 1991). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In deciding a motion for summary judgment, a court must view all facts in the light most favorable to the nonmovant. *Anderson*, 477 U.S. at 255; *Trade Finance Partners, LLC v. AAR Corp.*, 573 F.3d 401, 406 (7th Cir. 2009).

The burden is upon the movant to identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," if any, that the movant believes demonstrate an absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the movant has met this burden, the nonmovant may not rest upon mere allegations but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Stephens v. Erickson*, 569

F.3d 779, 786 (7th Cir. 2009); *Becker v. Tenenbaum-Hill Assocs., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990). "Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.'" *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988) (citing *Anderson*, 477 U.S. at 248).

"[A] party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial." *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988) (emphasis in original). *See also Hickey v. A.E. Staley Mfg.*, 995 F.2d 1385, 1391 (7th Cir. 1993). Therefore, if a party fails to establish the existence of an essential element on which the party bears the burden of proof at trial, summary judgment will not be appropriate. In this situation, there can be "'no genuine issue as to any material fact', since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

DISCUSSION

In his amended complaint, Schenck alleged that while he was at the Elkhart County Jail he did not have "any top teeth or back bottom teeth . . . causing great pain when trying to chew food." (DE 14 at 4). He asserted that Lieutenant Naves violated the Eighth Amendment's prohibition against cruel and unusual

3

punishments by refusing to provide him dentures.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the defendant's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

The Eighth Amendment requires the government "to provide medical care for those whom it is punishing by incarceration." *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir.1996) (*cert. denied,* 519 U.S. 1126 (1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). "Dental care is one of the most important medical needs of inmates." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001), quoting *Ramos v. Lamm*, 639 F.2d 559, 576 (10th Cir.1980).

In medical cases, the Eighth Amendment test is expressed in terms of whether a defendant was deliberately indifferent to the plaintiff's serious medical needs. *Williams v. Liefer*, 491 F.3d 710, 714 (7th Cir. 2007); *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" for Eighth Amendment purposes if it is either one that a physician has diagnosed as mandating treatment, or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities

4

or features chronic and substantial pain. *Gutierrez v. Peters,* 111 F.3d at 1373.

Deliberate indifference is comparable to criminal recklessness, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (Citations omitted). "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. at 837.

In support of his motion for summary judgment, Lt. Naves submits his own affidavit, the affidavit of Dennis Carter, D.D.S., and portions of Schenck's dental records. When Defendants' first summary judgment motion was before the Court the parties submitted other materials, including Schenck's deposition, which presents his version of events.

The parties' submissions establish that Schenck lost many of his teeth when he was struck in the face with a baseball bat. (DE 100-3 at 7-8). Schenck wore partial dentures, but by the time he arrived at the jail he could no longer wear them and was having problems with many of his remaining teeth. (DE 100-3 at 25).

The jail contracted with Correct Care Solutions ("CCS") to provide medical and dental services to inmates. (DE 100-6 at 1). On February 8, 2009, Schenck began experiencing dental pain and

5

over the next few weeks he saw CSS medical and dental personnel on a number of occasions for evaluation and treatment. (DE 100-3 at 20)

On February 17, 2009, Dr. Carter extracted four of Schenck's teeth because they were "periodontally involved and nectoric." (DE 100-6 at 4). On March 23, 2009, Dr. Carter extracted two more of Schenck's teeth. (DE 100-6 at 4). On May 11, 2009, Dr. Carter extracted another of Schenck's teeth because it was infected (DE 100-6 at 6). This left Schenck with "six or seven" teeth in the bottom of his mouth but no upper teeth. (DE 100-3 at 6).

Schenck asserts that his need for new dentures became acute beginning on March 24, 2009, when his last upper teeth were removed. Jail officials placed him on a soft diet, but Schenck states that even so, he could not eat some of the food that was served to him. (DE 100-3 at 20-21). Between April 20 and April 22, 2009, Schenck went on a hunger strike. (DE 100-3 at 18). After his hunger strike ended, Lt. Naves authorized upper dentures for Schenck, and Aspen Dental fitted him with a complete set of top dentures, which he received on June 12, 2009. (DE 100-3 at 34). Schenck was never provided lower dentures, and alleges that he was unable to eat solid food without the lower dentures that would have provided him back teeth.

Schenck did not sue the dentist who treated him while he was at the jail. Instead, he sued jail officials, including Lt. Naves. According to Schenck, Lt. Naves denied him dentures before his

6

hunger strike, and the parties agree that Lt. Naves was the official who eventually made the decision to provide Schenck with upper dentures but not lower dentures. (DE 100-3 at 910; DE 100-6 at 8).

Lt. Naves asserts that Schenck did not need dentures. In his affidavit he states that Dr. Carter, the dentist who was treating Schenck, told Lt. Naves "that he had evaluated Schenck [and] had determined that dentures were not medically necessary for Schenck." (DE 119-2 at 3).

If Dr. Carter told Lt. Naves that Schenck had no serious medical need for dentures then any delay by Lt. Naves in providing the top dentures and his refusal to provide bottom dentures did not constitute deliberate indifference. This is true even if Dr. Carter's recommendation was wrong because custody staff are entitled to rely on the judgment and recommendations of medical professionals.

> If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor.

*Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (ellipsis omitted) *citing Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004).

Dr. Carter's affidavit supports Lt. Naves's position. He

states that:

> 10. Based upon my education as a dentist, and based upon my evaluation and treatment of Schenck while he was incarcerated at the Corrections Facility, it was and is my determination that it was not medically necessary for Schenck to receive dentures.
>
> 11. Former Corrections Facility Warden Samuel Naves spoke with me about Schenck's requests for dentures. I advised Naves that I had evaluated Schenck, I had determined that dentures were not medically necessary for Schenck, and therefore I was not going to order dentures for Schenck.

DE 119-1 at 3.

Lt. Naves based his decisions on providing Schenck with dentures on the advise of the dentist treating Schenck. Accordingly, he was not deliberately indifferent to Schenck's serious medical needs and is entitled to summary judgment.

CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Naves's motion for summary judgment (DE 117), and **DIRECTS** the Clerk to enter judgment in favor of Defendants and against Plaintiff.

**DATED: July 11, 2011**         /S/RUDY LOZANO, Judge
                                 **United States District Court**